IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROBERT THOMAS,               ) | |
|                                                      ) | |
|     Plaintiff,               ) | |
|                                                      ) | |
| v.                                                 ) | Civil Action No. |
|                                                      ) | 2:20-cv-02477 |
| ALLSTATE INSURANCE COMPANY, ) | |
|                                                      ) | |
|     Defendant.           ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant Allstate Insurance Company's Motion for Summary Judgment, filed on November 30, 2020. (ECF No. 21.) Plaintiff Robert Thomas filed a Response on November 30, 2020. (ECF No. 23.) Defendant filed a Reply to Plaintiff's Response on December 4, 2020. (ECF No. 25.) For the following reasons, Defendant's Motion for Summary Judgment is **GRANTED**.

**I.      BACKGROUND**

On March 1, 2021, a hearing was held on the pending motion. (ECF No. 29.) At the hearing, Plaintiff's counsel argued regarding the record, but did not cite any portion of the facts asserted in Defendant's Statement of Undisputed Facts (ECF No. 21-2). Federal Rule of Civil Procedure 56.1 requires that a party show that a fact is, or is not, genuinely disputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"  Fed. R. Civ. P. 56(c)(1)(A). Furthermore, the precise method for disputing a movant's asserted undisputed facts

is set out in Local Rule 56.1(b)(3). In the instant case, Plaintiff has not filed a Response disputing Defendant's Statement of Undisputed Facts and has not pointed to specific portions of the record to dispute those facts. Accordingly, Defendant's Statement of Undisputed Facts remains undisputed.

This case arises out of a denied claim for an alleged property loss under Plaintiff's Tennessee Renters Policy, bearing Policy No. 990 119 239, issued by Defendant on July 2, 2016 with no set expiration date. (ECF No. 21-2 ¶ 2.) The insured property was located at 3965 River Grove Circle, Apartment 4 in Memphis, Tennessee. (Id. ¶ 1.) Plaintiff alleges that his apartment was burglarized on May 2, 2017. (Id. ¶ 1.) Defendant conducted an investigation into the claim, part of which included an Examination under Oath ("EUO") of the Plaintiff on July 27, 2017. (Id. ¶¶ 3–4.) Defendant requested Plaintiff to submit exhibits to the EUO, including bank statements, and receipts from Cash America Pawn. (Id. ¶ 5.) Plaintiff did not submit the requested documents, and on January 25, 2018, Defendant denied Plaintiff's claim for failure to cooperate with the investigation. (ECF No. 21-2 ¶ 8.) Defendant's claim representative sent the denial letter to Plaintiff's counsel again on September 7, 2018. (Id. ¶ 9.) Plaintiff's counsel acknowledged receipt of the September 7 denial letter at the hearing, and via email correspondence. (Id. ¶ 10.)

## II.   LEGAL BACKGROUND

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense." Bruederle v. Louisville Metro Gov't, 687 F.3d 771, 776 (6th Cir. 2012).

"In considering a motion for summary judgment, [the] court construes all reasonable inferences in favor of the non-moving party." Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact." Mosholder v. Barnhardt, 679 F.3d 443, 448 (6th Cir. 2012) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "Once the moving party satisfies its initial burden, the burden shifts to the nonmoving party to set forth specific facts showing a triable issue of material fact." Mosholder, 679 F.3d at 448-49; see also Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587. "When the non-moving party fails to make a sufficient showing of an essential element of his case on which he bears the burden of proof, the moving parties are entitled to judgment as a matter of law and summary judgment is proper." Martinez v. Cracker Barrel Old Country Store, Inc., 703 F.3d 911, 914 (6th Cir. 2013) (quoting Chapman v. UAW Local 1005, 670 F.3d 677, 680 (6th Cir. 2012) (en banc)) (internal quotation marks omitted).

In order to "show that a fact is, or is not, genuinely disputed," a party must do so by "citing to particular parts of materials in the record," "showing that the materials cited do not establish the absence or presence of a genuine dispute," or showing "that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P 56(c); Bruederle, 687 F.3d at 776 (alterations in original) (quoting Fed. R. Civ. P. 56(c)(1)); see also Mosholder, 679 F.3d at 448 ("To support its motion, the moving party may show 'that there is an absence of evidence to support the nonmoving party's case.'" (quoting Celotex, 477 U.S. at 325)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]" Martinez, 703 F.3d at 914 (alteration in original) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). "The court need consider

3

only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). "[T]he district court has no 'duty to search the entire record to establish that it is bereft of a genuine issue of material fact.'" Pharos Capital Partners, L.P. v. Deloitte & Touche, 535 Fed. Appx. 522, 523 (6th Cir. 2013) (per curiam) (quoting Tucker v. Tennessee, 539 F.3d 526, 531 (6th Cir. 2008), abrogation recognized by Anderson v. City of Blue Ash, 798 F.3d 338 (6th Cir. 2015)).

The decisive "question is whether 'the evidence presents a sufficient disagreement to require submission to a [fact finder] or whether it is so one-sided that one party must prevail as a matter of law.'" Johnson v. Memphis Light Gas & Water Div., 777 F.3d 838, 843 (6th Cir. 2015) (quoting Liberty Lobby, 477 U.S. at 251-52). Summary judgment "'shall be entered' against the non-moving party unless affidavits or other evidence 'set forth specific facts showing that there is a genuine issue for trial.'" Rachells v. Cingular Wireless Employee Servs., LLC, No. 1:08CV02815, 2012 WL 3648835, at *2 (N.D. Ohio Aug. 23, 2012) (quoting Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 884 (1990)). "[A] mere 'scintilla' of evidence in support of the non-moving party's position is insufficient to defeat summary judgment; rather, the non-moving party must present evidence upon which a reasonable jury could find in her favor." Tingle v. Arbors at Hilliard, 692 F.3d 523, 529 (6th Cir. 2012) (quoting Liberty Lobby, 477 U.S. at 251). "[I]n order to withstand a motion for summary judgment, the party opposing the motion must present "affirmative evidence" to support his/her position." Mitchell v. Toledo Hosp., 964 F.2d 577, 584 (6th Cir. 1992) (citing Liberty Lobby, 477 U.S. at 247-254; Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)). "[C]onclusory assertions, unsupported by specific facts made in affidavits opposing a motion for summary judgment, are not sufficient to defeat a motion for summary judgment." Rachells, 2012 WL 3648835, at *2 (quoting Thomas v. Christ Hosp. and Med. Ctr., 328 F.3d 890, 894 (7th Cir. 2003)). Statements contained in an affidavit that are

4

"nothing more than rumors, conclusory allegations and subjective beliefs" are insufficient. See Mitchell, 964 F.2d at 584-85.

### III. ANALYSIS

#### A. Plaintiff's Claims are Barred by the One-Year Contractual Limitations Period

Defendant alleges that Plaintiff's claims are barred by the contractual limitations provided in Allstate Insurance Policy 990 119 239 (the "Policy"), which was issued to Robert Thomas starting July 2, 2015. (Exhibit A, ECF No. 1-2 at PageID 23–53.) Defendant points to the following limitation:

> 12. Suit Against Us.  No suit or action may be brought against us unless there has been full compliance with all policy terms.  Any suit or action must be brought **within one year after the inception of loss or damage**.

(ECF No. 1-2 at PageID 34 (emphasis added).)

Contractual limitations of this nature have been held valid in Tennessee. See Brick Church Transmission, Inc. v. Southern Pilot Ins. Co., 140 S.W.3d 324, 329 (Tenn. Ct. App. 2003) ("Tennessee has long held that an insurance policy provision establishing an agreed limitations period within which suit may be filed against the company is valid and enforceable.") (internal citations omitted). It is uncontroverted that at *the very latest*, Plaintiff received the denial letter by September 7, 2018.[1] Plaintiff, however, did not initiate this lawsuit in Shelby County Circuit Court until June 4, 2020, at which point it alleged breach of contract, bad faith, violation of the Tennessee Consumer Protection Act ("TCPA"), and negligence. (ECF No. 1.) By any measurement, Plaintiff's claims are time-barred. Even using the date of receipt of the second denial letter—September 14, 2018—Plaintiff's time to file a lawsuit expired on September 14, 2019, well before its June 2020 filing of a complaint. Accordingly, Plaintiff's claims for both breach of contract and

---

[1] Note that Defendant has provided evidentiary support that it also sent a formal denial letter for failure to comply with the investigation on January 25, 2018.

negligence are time-barred per the valid and applicable one-year contractual time period provided in the Policy. Plaintiff has pointed to no evidence in the record to raise a factual dispute as to the applicability of this provision. Instead, Plaintiff argues that the Tennessee statute of limitations provided in T.C.A. §§ 28-3-109, 47-2,725, or 28-3-105 should apply. (ECF No. 23 at PageID 146.) The Court rejects each of these arguments. Section 28-3-109 sets a six year statute of limitations for: "(1) Actions for the use and occupation of land and for rent; (2) Actions against the sureties of guardians, executors and administrators…and (3) Actions on contracts not otherwise expressly provided for." Tenn. Code Ann. § 28-3-109(a). None of these provisions are applicable in the current case. Similarly, T.C.A. § 47-2-725 is for actions brought under the UCC, which Plaintiff acknowledges "does not apply[.]"  (ECF No. 23 at PageID 146.) Finally, T.C.A. § 28-3-105 does not apply because Plaintiff has not alleged fraud in his complaint. Defendant's Motion is **GRANTED** with respect to Plaintiff's claims for breach of contract and negligence.

### B. Plaintiff's Bad Faith Claims are Barred by the One-Year Statute of Limitations

Plaintiff's allegations of bad faith are also barred under the one-year statute of limitations, T.C.A. § 28-3-104, that courts have applied when analyzing bad faith claims arising under T.C.A. § 56-7-105. See generally, Montesi v. Nationwide Mut. Ins. Co., 970 F.Supp. 2d 784, 791 (W.D.Tenn. 2013) (internal citations omitted) ("As a result, courts interpreting the bad faith statute have applied the one-year statute of limitations contained in Tenn. Code Ann. §28-3-104(a)(4), which requires 'actions for statutory penalties' to be 'commenced within one year after the cause of action accrued.'")  Here, Plaintiff did not file his bad faith complaint until well after the time had passed to allege bad faith. Accordingly, Defendant's Motion is **GRANTED** with respect to Plaintiff's claims for bad faith.

### C. Plaintiff's Tennessee Consumer Protection Act ("TCPA") Claim is Dismissed

Section 56-8-113 of the Tennessee Code provides that "title 50 and this title shall provide the sole and exclusive statutory remedies and sanctions applicable to an insurer, person, or entity licensed, permitted, or authorized to do business under this title for alleged breach of, or for alleged unfair or deceptive acts or practices in connection with, a contract of insurance as such term is defined in § 56-7-101(a)." Tenn. Code Ann. § 56-8-113. The historical notes for this amendment indicate that this provision "shall apply to any cause of action accruing on or after" April 29, 2011. Id. This Court has interpreted this section to "effectively eliminate[] the TCPA as a viable cause of action for disputes arising from the insurer-insured relationship because the TCPA is not contained in Title 50 or Title 56." Montesi, 970 F.Supp. at 790. Here, the alleged events leading to Plaintiff's claims indisputably occurred after April 29, 2011. Accordingly, Defendant's motion is **GRANTED** with respect to Plaintiff's TCPA claim.

### IV. CONCLUSION

Plaintiff has not produced evidence or otherwise pointed to any portion of the record to demonstrate that a material dispute of fact exists with respect to the timing of Plaintiff's claims. For the reasons stated above, the Court **GRANTS** Defendant's Motion for Summary Judgment on all claims.

**SO ORDERED**, this 4th day of March, 2021.

    /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE